UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 99-10544-RWZ

RICHARD CROWELL

v.

MICHAEL T. MALONEY

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

CIVIL ACTION NO. 02-11161-RWZ

RICHARD CROWELL

v.

MICHAEL A. MALONEY

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

CIVIL ACTION NOS. 04-11338-RWZ and 04-12083-RWZ

RICHARD CROWELL

v.

KATHLEEN M. DENNEHY

MEMORANDUM

September 7, 2007

ZOBEL, D.J.

Over the years Richard Crowell has filed four petitions for a writ of habeas corpus as shown in the caption. Two were dismissed pursuant to Rule 4 of the Rules of Procedure for 28 U.S.C. § 2254 cases, two were dismissed in response to motions. All pertain to Mr. Crowell's dispute with the Massachusetts Parole Board's

interpretation of his sentence. Mr. Crowell had pled guilty to second degree murder in 1962, and he was sentenced to life imprisonment. In 1974, the Governor commuted his sentence to 36 years to life. He was thereupon paroled in 1975, but over the next 15 years committed numerous parole violations which finally resulted in his parole being permanently revoked. He returned to prison in 1990 where he remains today, numerous requests for parole having all been denied.

Mr. Crowell attributes the Parole Board's denials to its view that his sentence for parole purposes is life imprisonment, not the term of 36 years, which apparently limits the number of parole hearings available to him and, perhaps, dictates denial of parole. He has expressed his views on this matter in the four lawsuits and in numerous letters filed both in the context of pending lawsuits and when none are pending, addressed to individual judges. The most recent such missive was addressed to Judge Young and transferred to me as the judge who had presided over the four cases.

To the extent Mr. Crowell complains about the Parole Board's interpretation of the sentence, that matter is not properly before the court; to the extent he seeks an explanation of the Parole Board's interpretation, this is not the forum to do that; to the extent he seeks assistance with the Parole Board, the court cannot and should not give advice.

    September 7, 2007                    /s/Rya W. Zobel
         DATE                                   RYA W. ZOBEL
                                                 UNITED STATES DISTRICT JUDGE